**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| MISAEL HABRAM, | : | |
| MARIBELLA OCHOA | : | |
| | : | |
| Plaintiffs | : | |
| | : | 1:05-CV-173 (WLS) |
| vs. | : | |
| | : | |
| RAY C. NORVELL, SR., | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendant | : | |

**RECOMMENDATION**

*Pro se* prisoner plaintiff **MISAEL HABRAM,** presently confined at Calhoun State Prison in Morgan, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983 (2000).

## I. STANDARD OF REVIEW

### A. 28. U.S.C. § 1915(e)(2)

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2) (2000). Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2) (2000).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an

arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations. Id. at 327; *See also* Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B. General Requirements of 42 U.S.C. § 1983

In any action under § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II. PLAINTIFF'S ALLEGATIONS

The crux of plaintiffs' complaint is that plaintiff Habram was dissatisfied with the representation of his attorney defendant Ray C. Norvell Sr..

## III. RECOMMENDATION OF DISMISSAL

A plaintiff in a § 1983 action is limited with respect to whom he may sue. Private attorneys and appointed public defenders are not considered to be state actors and are not generally subject to suit under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir.), *modified on other grounds*, 583 F.2d 779 (5th Cir. 1978). As an attorney engaged in the private practice of law, defendant Norvell was not acting under color of law during his representation of plaintiff.

Thus, plaintiff has failed to meet a threshold requirement for filing a lawsuit under § 1983.

Parratt, 451 U.S. at 535.  Whether or not this plaintiff has state court remedies available to him or redress before the State Bar of Georgia is not before this court.

In light of the above, the undersigned **RECOMMENDS** that the instant action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO RECOMMENDED**, this 17th day of February, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


mh